# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                Case No. 12-CR-190

KAMEL M. KHATIB,

        Defendant.

---

## ORDER AND RECOMMENDATION

---

### I.  FACTS AND PROCEDURAL HISTORY

On August 29, 2012, the Honorable James R. Sickel issued a criminal complaint charging Kamel M. Khatib ("Khatib") with receiving four AK-74 firearms while he was under indictment[1] for a felony, in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D). (Docket No. 1.) Aside from the fact that he was under indictment, Khatib was not otherwise prohibited from possessing firearms. His prior criminal record consists of a single case from 2007 in which he was charged with child abuse, a felony, as well as criminal trespass to a dwelling and disorderly conduct, both misdemeanors. (Docket No. 21-1 at 5-6; see also Outagamie County Case No. 2007CF000419, available at http://wcca.wicourts.gov.) The felony child abuse charge was amended to misdemeanor battery and Khatib pled guilty to this offense and the disorderly conduct charge.

---

[1] The court notes that Khatib, like all felony defendants in Wisconsin, was charged in Wisconsin Circuit Court by way of an information rather than an indictment. See Wis. Stat. § 971.01; cf. Wis. Stat. § 968.06 (stating that even if a grand jury returned an indictment, a complaint shall be filed and the case thenceforth shall proceed like any other criminal case, which would include the filing of an information following a preliminary hearing). While the relevant statute states that only persons under "indictment" for a felony are prohibited from receiving a firearm, 18 U.S.C. § 922(n), "indictment" is defined in Chapter 44 of Title 18 to include an information, 18 U.S.C. § 921(a)(14). Thus, the court will follow the language of § 922(n) and refer to an "indictment" although Khatib was technically charged by way of an information.

The criminal trespass charge was dismissed but read in for sentencing purposes, a practice in Wisconsin plea bargaining whereby, without admitting culpability, the defendant agrees to allow the court to consider the conduct alleged for the purposes of assessing restitution or imposing sentence (provided the total sentence does not exceed the maximum applicable to crimes for which the defendant was convicted), in exchange for the state giving up the chance to prosecute him for that conduct in the future. State v. Straszkowski, 2008 WI 65, ¶5, 310 Wis. 2d 259, 750 N.W.2d 835. There is no indication that these offenses were domestic violence related so as to bar him from possessing a firearm under 18 U.S.C. § 922(g)(9).

The federal complaint alleges charges were pending against Khatib in Outagamie County Circuit Court for child abuse, aggravated battery, Case No. 2011CF000246 (as well as two misdemeanors the court shall not discuss further), possession of marijuana, and three counts of bail jumping, Case No. 2012CF000251, all felonies, when a confidential informant ("CI") advised law enforcement that Khatib was looking to hire someone to murder persons who might testify him. (Docket No. 1, ¶¶3-4.) The CI also stated that Khatib wished to purchase a large quantity of marijuana and firearms, specifically ten .45 caliber pistols, ten AK-47s, and a miniature AK rifle. (Docket No. 1, ¶4.) In further monitored interactions between Khatib and both the CI and an undercover law enforcement officer, Khatib indicated he was looking to purchase 60 firearms that he could then resell. (Docket No. 1, ¶¶5-6.) Eventually, on August 28, 2012, Khatib agreed to and subsequently did purchase four AK-74 rifles for $2,000.00. (Docket No. 1, ¶¶7, 9.)

The grand jury in this district returned a single count indictment on September 11, 2012 charging Khatib with the offense alleged in the complaint. (Docket No. 7.) On November 13, 2012, Khatib filed a motion to dismiss the indictment, (Docket No. 21), to which the government has responded, (Docket No. 24), and Khatib has replied, (Docket No. 25). The pleadings on this motion are closed and the matter is ready for resolution. Also pending is the defendant's motion for

2

discovery and inspection that fails to comply with Crim. L.R. 16(b). (Docket No. 5.)  This motion is denied in accordance with Crim. L.R. 16(a)(1).

## II. MOTION TO DISMISS

Khatib argues that because he has not been convicted of any felony, it is an unconstitutional infringement of his Second Amendment right to bear arms to prohibit him from receiving a firearm while under indictment for a felony. In light of the Supreme Court holding that firearm possession is an individual constitutional right, District of Columbia v. Heller, 554 U.S. 570 (2008); McDonald v. City of Chicago, 130 S. Ct. 3020 (2010), courts have been sorting through a steady stream of renewed challenges to the nation's firearm laws.

The Court noted in Heller that it did not intend to "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." 554 U.S. at 626; see also McDonald, 130 S. Ct. at 3047 (repeating the assurances that it did not intend to cast doubt on prohibitions on the possession of firearms by felons or the mentally ill). But the Court did not comment on the constitutionality of the various other categories of prohibitions contained in § 922. Thus far, aside from the felon prohibition, 18 U.S.C. § 922(g)(1), United States v. Williams, 616 F.3d 685, 691 (7th Cir. 2010), the Court of Appeals for the Seventh Circuit has addressed and upheld laws prohibiting firearm possession by unlawful users of controlled substances under 18 U.S.C. § 922(g)(3), United States v. Yancey, 621 F.3d 681 (7th Cir. 2010) (per curiam), and persons convicted of misdemeanor crimes of domestic violence under 18 U.S.C. § 922(g)(9), United States v. Skoien, 614 F.3d 638 (7th Cir. 2010) (en banc). Judge Adelman in this district has upheld 18 U.S.C. § 922(g)(8), which prohibits firearm possession by persons subject to a domestic violence injunction, United States v. Luedtke, 589 F. Supp. 2d 1018 (E.D. Wis. 2008). It appears that only two courts in the country, both district courts, have addressed the constitutionality of § 922(n) following Heller and both have

3

concluded that the prohibition is constitutional. United States v. Call, 2012 U.S. Dist. LEXIS 79080 (D. Nev. June 7, 2012); United States v. Laurent, 861 F. Supp. 2d 71 (E.D.N.Y. 2011).

Courts have applied the intermediate scrutiny test when evaluating laws that infringe upon the right to bear arms, whereby the government must make a strong showing that the restriction serves an important government objective and the restriction substantially advances that objective. Skoien, 614 F.3d at 641-42; Williams, 616 F.3d at 692. The defendant challenges the statute under the Second Amendment, as applied to him, and both facially and as applied under the Fifth Amendment's due process clause as a deprivation of liberty without due process.  (Docket No. 21.)

**A.  18 U.S.C. § 922(n) Under the Second Amendment, as Applied to Khatib**

In an "as applied" constitutional challenge to a statute, the court considers only the facts of the present case and not hypothetical circumstances where the statute might be unconstitutional. United States v. Phillips, 645 F.3d 859, 863 (7th Cir. 2011). The court's analysis begins with the text of the statute:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(n). This prohibition can be traced back to the 1930s with the current form arising from the Gun Control Act of 1968 and the 1986 Firearms Owners' Protection Act. Laurent, 861 F. Supp.2d at 82-84. Notably, unlike other categories of prohibited persons set forth in 18 U.S.C. § 922(g), this provision does not prohibit mere possession of a firearm. Thus, a person who is indicted for an offense does not run afoul of this prohibition simply by retaining a firearm he already possesses. Laurent, 861 F. Supp.2d at 85-86 (citing H.R.Rep. No. 495, 99th Cong., 2d Sess. (1986), reprinted in 1986 U.S.C.C.A.N. 1327, 1360); see also Call, 2012 U.S. Dist. LEXIS 79080, 5-6; United States v. Adams, 2011 U.S. Dist. LEXIS 41879 (S.D. Ala. Apr. 18, 2011).

4

The first step in the court's analysis is to identify the government interest furthered by the restriction. In reference to the prohibition upon domestic violence misdemeanants from possessing firearms, the Court of Appeals for the Seventh Circuit identified the important government interest as "preventing armed mayhem." Skoien, 614 F.3d at 642. This general principle, even if stated a bit hyperbolically in Skoien, is undoubtedly the government interest underlying all of the prohibitions set forth in 18 U.S.C. § 922. Thus, the question becomes whether the government can show that § 922(n) is substantially related to that important government objective. Skoien, 614 F.3d at 641. Specifically, does prohibiting indictees from obtaining firearms substantially further the government's interest in public safety?

The court need look no further than the facts alleged in the complaint for a prime example as to how this prohibition substantially furthers this important government interest. Here the defendant is alleged to have sought to murder a witness against him. (Docket No. 1 at 2.) While it is unclear whether the defendant allegedly sought to acquire the AK-74s to accomplish this goal, this scenario of a defendant harming a witness against him is nonetheless perhaps the quintessential example of the harm the statute seeks to prevent. As the court noted in Laurent:

> The fact that [the defendant] was charged with the instant crime because he apparently committed a crime of violence while under indictment undermines any claim he might have that § 922(n) is not substantially related to preventing him from engaging in further violence. He is hardly the law-abiding householder with a gun at home to protect his family.

861 F. Supp. 2d at 105. Likewise, there is nothing to indicate that Khatib suddenly decided to take up hunting or felt some new threat to his personal safety that required four assault rifles to defend against. All indications are that he sought these weapons for an unlawful purpose, either to facilitate another crime or to sell them unlawfully.

5

Moreover, it is significant that the prohibition set forth in § 922(n) is temporary. It merely maintains the status quo during the pendency of the indictment, a volatile period during which the stakes and stresses of pending criminal charges often motivate defendants to do violence to themselves or others. It is not unreasonable to infer a malevolent intent when an indictee finds it necessary to obtain a firearm during the narrow period during which an indictment is pending knowing that he will have to give it up should he be convicted. For example, certain provisions of the Bail Reform Act are often invoked out of a concern that an indictee may pose danger to the safety of the community. In fact, following his initial appearance in the present action, Khatib has been detained pending trial on the grounds that he poses a serious risk of danger to the community, as well as a risk of nonappearance. (Docket Nos. 3 and 17.)

Specific statutory and constitutional protections ensure that the case proceeds expeditiously, thus guarantying that the prohibition persists no longer than necessary. 18 U.S.C. § 3161; Wis. Stat. § 971.10; United States v. Arceo, 535 F.3d 679, 684 (7th Cir. 2008). The prohibition ends with dismissal of the charges or acquittal (or conviction for an offense that does not bar firearm possession) or becomes permanent if the defendant is, for example, convicted of a felony or a misdemeanor crime of domestic violence.

Khatib has been under indictment since June 29, 2011 in Case No. 2011CF000246, and since April 18, 2012 in Case No. 2012CF000251. The earlier case was set to be resolved at trial in October of 2011 but the matter was delayed because Khatib's attorney's misconduct during a jury trial led to a mistrial and subsequent proceedings before the court of appeals on the question of whether double jeopardy barred Khatib's retrial. See State v. Khatib, 2012AP22-CR (Oct. 2, 2012, Wis. Ct. App.) available at http://www.wicourts.gov. The court concluded double jeopardy did not apply and both cases remain pending.

Therefore, having fully considered the facts of the present case, the court concludes that temporarily prohibiting a demonstrably dangerous individual from acquiring a firearm substantially serves the important government objective of ensuring public safety. Thus, as applied to Khatib, 18 U.S.C. § 922(n) comports with the Second Amendment.

**B. 18 U.S.C. § 922(n) under the Due Process Clause, As Applied to Khatib**

Khatib also contends that 18 U.S.C. § 922(n) deprives him of his rights under the Second Amendment without the due process that is guaranteed by the Fifth Amendment. (Docket No. 21-1 at 9-12.) Specifically, Khatib faults the absence of a full adversarial hearing or individualized judicial determination of dangerousness. (Docket No. 21-1 at 9-12.) The government points to Laurent and Call to note that both courts rejected similar due process challenges. (Docket No. 24 at 7.)

In determining whether the process afforded Khatib prior to the deprivation of his Second Amendment rights by way of 18 U.S.C. § 922(n) is constitutionally sufficient, the court balances (1) the private interest; (2) the risks of erroneous deprivation; and (3) the government's interests, including the burdens that additional procedural protections would impose. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

In felony prosecutions in Wisconsin, an information may not be filed unless, following a preliminary hearing, the court determines there is probable cause to believe a felony has been committed by the defendant. Wis. Stat. § 970.03. Naturally, the defendant has the right to counsel in this proceeding. The prosecution must establish probable cause through the sworn testimony of witnesses. Wis. Stat. § 970.03(5). The defendant may cross-examine the government's witnesses and may call witnesses on his own behalf. Id. As of April 26, 2012, hearsay is now admissible in preliminary hearings in Wisconsin, Wis. Stat. § 970.038; 2011 Wis. Act 285, but at the time of Khatib's preliminary hearings on June 10, 2011 in Case No. 2011CF000246 and April 12, 2012 in

7

Case No. 2012CF000251, hearsay was generally excluded, see Wis. Stat. § 970.03(11) (repealed by 2011 Wis. Act 285) (previously allowing hearsay for very limited purposes); Wis. Stat. § 970.03(12) (previously and currently allowing hearsay in the form of certain expert reports).

Balancing the government's substantial interest in ensuring public safety, as discussed above, against the defendant's liberty interest infringed and the risk of erroneous deprivation, the court concludes that the procedures afforded a defendant in Wisconsin are constitutionally sufficient to deprive him of the right to acquire a firearm during the pendency of an indictment. "[T]here is no requirement under the Second Amendment that only those persons found imminently likely to engage in gun violence may be dispossessed of their firearms." Luedtke, 589 F. Supp. 2d at 1023.

The court finds analogical support for this conclusion by considering other prohibitions courts have found constitutional, beginning with the felon in possession statute, which likewise imposes a categorical prohibition without any individualized finding of dangerousness. Id. (citing United States v. Jester, 139 F.3d 1168, 1171 (7th Cir. 1998)). While a felon's deprivation is preceded by a full panoply of rights including the right to jury trial and the requirement that the government prove guilt beyond a reasonable doubt, its prohibition is permanent and far more expansive in that it prohibits not just receipt but also mere possession. Section 922(n) imposes a temporary and limited prohibition and thus the procedural protections need not be as extensive.

Section 922(g)(8), which bars firearm possession by persons subject to a domestic violence restraining order does include a requirement that the court issuing the restraining order make a finding of dangerousness, 18 U.S.C. § 922(g)(8)(C)(i), but there is no requirement of proof beyond a reasonable doubt, right to counsel, right to a jury trial, or even that the defendant be present at the hearing (only that he had the opportunity to participate). In Wisconsin, a domestic violence restraining order requires only "reasonable grounds to believe that the respondent" has or will engage in domestic abuse of the petitioner. Wis. Stat. § 813.12(4)(a)3. Based upon such a finding,

8

the court may impose an injunction, thus banning firearm possession, for up to four years. Wis. Stat. § 813(4)(c). Yet these procedural protections, which are less substantial than those afforded a defendant in a preliminary criminal proceeding, were found to be constitutionally sufficient to impose a more expansive and longer lasting prohibition. Luedtke, 589 F. Supp. 2d at 1024. Thus, the court concludes that Khatib was afforded due process, and therefore 18 U.S.C. § 922(n) is not unconstitutional under the Fifth Amendment, as applied to him. This conclusion negates the need for the court to consider the defendant's facial challenge. Williams, 616 F.3d at 693 (citing Broadrick v. Okla., 413 U.S. 601, 610 (1973)).

### III. CONCLUSION

Prohibiting indictees from acquiring firearms is a temporary and narrow limitation preceded by substantial procedural protections, which furthers the important government objective in ensuring public safety. As such, the court concludes that it comports with both the Second and Fifth Amendments, as applied to Khatib. Accordingly, the court shall recommend that Khatib's motion to dismiss be denied.

**IT IS THEREFORE ORDERED** that the defendant's motion for discovery and inspection, (Docket No. 5), is **denied** in accordance with Crim. L.R. 16(a)(1).

**IT IS FURTHER RECOMMENDED** that the defendant's motion to dismiss count one, (Docket No. 21), be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2) whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is earlier.

Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the

chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 6th day of December, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge