UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                                     Case No. 12-CR-190

KAMEL M. KHATIB,

    Defendant.

**ORDER DENYING MOTION TO DISMISS**

On September 11, 2012, a Grand Jury sitting in this district returned a single-count Indictment charging Defendant Kamel M. Khatib with receiving four AK-74 firearms while he was under Indictment for a felony in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). On November 13, 2012, Khatib filed a motion to dismiss the Indictment on the ground that it constituted an unconstitutional infringement of his Second Amendment right to bear arms. More specifically, Khatib argued that because he had not been convicted of a felony, the prohibition on his right to possess a firearm, recognized by the U.S. Supreme Court in *McDonald v. City of Chicago,* 130 S. Ct. 3020 (2010), was invalid.

Pretrial criminal proceedings in this district are conducted by the magistrate judge. Following full briefing, Magistrate Judge Aaron E. Goodstein issued a recommendation that Khatib's motion be denied. Magistrate Judge Goodstein's recommendation contains a thorough discussion and analysis of the issues raised by Khatib, and the Court hereby adopts it in full. The Court will briefly address Khatib's objections to the recommendation.

Khatib's central objection is that the magistrate judge failed to properly consider his "as applied" challenge to the constitutionality of §922(n) of title 18 of the United States Code. More specifically, Khatib argues that the magistrate judge addressed the question of whether prohibiting indictees from obtaining firearms in general furthers the government's interest in public safety. Instead, Khatib argues, the magistrate judge should have considered whether prohibiting him in particular from obtaining firearms substantially furthered the government's interest in public safety. Although Khatib concedes that the magistrate judge considered several of the specific facts relating to his case, he contends that overall the analysis of the magistrate judge bears on the general characteristics of individuals charged with a crime as opposed to his specific case.

Khatib's objection is not well taken. The magistrate judge specifically considered the fact that Khatib was alleged to have sought the murder of a witness against him in the underlying felony prosecution. The magistrate judge also noted that the firearms Khatib obtained were assault rifles. These facts are specific to Khatib's case. Khatib seems to suggest that the magistrate judge was required to evaluate the credibility of the witnesses against him and do a particularized assessment of Khatib's dangerousness in order to uphold the constitutionality of the statute. That is not what an as applied challenge requires, however, and Khatib cites no authority to suggest otherwise.

Khatib also objects to the magistrate judge's rejection of his claim that the prohibition was imposed without due process of law. Here the court concluded that the procedural protection afforded Khatib at the preliminary hearing on the underlying felony was sufficient to justify the temporary prohibition on his right to receive firearms during the pendency of the criminal proceeding. The Court agrees with the magistrate judge that given the temporary prohibition on a right to receive firearms, the procedural protection afforded is sufficient to meet the requirements of due process. *See Mathews v. Eldridge*, 424 U.S 319, 335 (1976).

Accordingly, Khatib's objections are rejected and the recommendation of the magistrate judge is adopted.  The motion to dismiss is DENIED.

**SO ORDERED** this     26th     day of December, 2012.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court